UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr-00040-MO |
| v. | INFORMATION |
| ERROL ANDAM, | 18 U.S.C. §§ 1014, 1343, 1957 and Forfeiture Allegation |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

## COUNT 1
### (Wire Fraud)
### (18 U.S.C. § 1343)

1.    From 2001 through 2018, ERROL ANDAM, defendant herein, was employed by Nike, Inc. ("Nike"), a globally recognized producer and marketer of athletic apparel and equipment, at the company's World Headquarters in Beaverton, Oregon.

2.    At all times relevant to this Information until his termination in December 2018, ANDAM worked as a manager in Nike's North American Retail Brand Marketing division. In that capacity, he managed the design, build-out, and operation of "pop-up" retail venues: temporary Nike shops that were typically situated near and tailored to sports competitions and other special events around the United States.

**Information**                                                                                   **Page 1**

**THE SCHEME**

3.      From not later than September 2016 and continuing through December 2018, ANDAM intended to and did devise and implement a material scheme to defraud Nike, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, by diverting and embezzling the sales proceeds generated at the pop-up venues he oversaw.

**MANNER AND MEANS**

It was part of the scheme that:

4.      In the summer of 2016, ANDAM recruited a childhood friend, Adult Victim Number One ("AV-1"), to establish a company, Victim Business Number One ("VB-1"), to design and build the pop-up venues as an independent contractor for Nike.  ANDAM used his authority as a manager at Nike to ensure that VB-1 was consistently awarded the contracts for these jobs.

5.      Though having no formal role at VB-1, ANDAM assumed control of much of VB-1's financial operations, managing financial accounts for the company and issuing invoices to Nike, which was VB-1's only customer.   To conceal his role at VB-1, ANDAM created an alter ego: "Frank Little." He used this alter ego to submit invoices to Nike and to manage VB-1's account with Square, Inc., a California-based provider of mobile credit-card-processing services.

6.      In 2016, ANDAM also renewed the lapsed registration of 3rd & Detroit LLC ("3&D") with the Oregon Secretary of State so that he could use that defunct entity as a shell company to funnel the proceeds diverted from Nike and VB-1 to accounts under his personal control.  3&D neither contracted with nor performed any work for VB-1.

**Information**                                                                                        **Page 2**

7.     Starting in September 2016, ANDAM caused credit-card sales at various pop-up venues around the United States to be run through VB-1's Square card readers at those venues and then transferred, by interstate wires, to Square in California and thence to 3&D's bank account in Oregon.  ANDAM also embezzled the cash proceeds generated at these pop-up venues.

8.     ANDAM represented to both Nike and AV-1 that the proceeds of the pop-up sales were booked by VB-1 and credited against the total amounts Nike owed VB-1 prior to invoicing.  In truth, he simply pocketed the proceeds and, as "Frank Little," invoiced Nike for the full cost of VB-1's services.

9.     From September 2016 through December 2018, ANDAM in this manner diverted and embezzled at least $1,495,435.45 in Nike proceeds for his own use, including $217,717.33 that ANDAM used toward the purchase of the residence whose mortgage is the subject of Count 2 of this Information.

10.    On or about October 17, 2017, in the District of Oregon and elsewhere, defendant ERROL ANDAM, for purposes of attempting to execute and executing the above-described material scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused $51,359.88 to be transferred by wire from an account at JPMorganChase Bank owned by Square, Inc., in California to defendant's account number ****8031 at Bank of America in Oregon.

All in violation of Title 18, United States Code, Section 1343.

///

///

///

**Information**                                                          **Page 3**

## COUNT 2
### (False Statement on Loan Application)
### (18 U.S.C. § 1014)

**11.**    Paragraphs 4 through 6 of the Manner and Means of Count 1 of this Information are re-alleged and incorporated herein.

**12.**    On or about July 24, 2018, in the District of Oregon, defendant ERROL ANDAM knowingly made a false statement for the purpose of influencing the action of Home Point Financial Corporation ("HomePoint"), a mortgage lending business, in connection with an application for a residential mortgage loan of $571,441.34, in that defendant made and caused to be submitted to HomePoint in support of his loan application a financial statement for 3&D falsely reflecting as revenue to 3&D proceeds of a check defendant drew on a bank account owned by VB-1 without authority and with the forged signature of AV-1.

All in violation of 18 U.S.C. § 1014.

## COUNT 3
### (Money Laundering)
### (18 U.S.C. § 1957)

**13.**    On or about July 28, 2020, in the District of Oregon and elsewhere, defendant ERROL ANDAM knowingly engaged in and attempted to engage in a transaction in or affecting interstate commerce and conducted by, through or to a financial institution, involving property worth more than $10,000 that defendant knew to be derived from a specified unlawful activity, in that defendant deposited a check in the amount of $212,838.19 into Bank of America account number ****3469, knowing said check represented the proceeds of the sale of a residence

///

///

**Information**                                                                                                                **Page 4**

procured with the fruits of wire fraud and making a false statement on a loan application, as charged in Counts 1 and 2 of this Information.

All in violation of 18 U.S.C. § 1957.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

**14.**    Upon conviction of the money laundering offense alleged in Count 3 of this Information, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in said offense and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in that offense.

**15.**    If the above-described forfeitable property, as a result of any act or omission of defendant:

      (a)  cannot be located upon the exercise of due diligence;

      (b)  has been transferred or sold to, or deposited with, a third party;

      (c)  has been placed beyond the jurisdiction of the court;

      (d)  has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be divided without difficulty;

///

///

///

///

///

///

**Information**                                                                                                        **Page 5**

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: February    , 2021                Respectfully submitted,

                                        BILLY J. WILLIAMS
                                        United States Attorney

                                        RYAN W. BOUNDS, OSB #00012
                                        Assistant United States Attorney