SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**RYAN W. BOUNDS, OSB #00012**
Assistant United States Attorney
ryan.bounds@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00040-MO |
| v. | **PLEA AGREEMENT** |
| **ERROL ANDAM,** | |
| **Defendant.** | |

1.   **Parties and Scope**: This constitutes the plea agreement between the United States Attorney's Office for the District of Oregon ("USAO") and defendant in the above-captioned case. This plea agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2.   **Deadline**: This plea offer expires if not accepted by March 18, 2021, and may be revoked by the USAO at any time prior to entry of a guilty plea.

**Plea Agreement –** *United States v. Errol Andam*                                                                 **Page 1**

Def. Initials _____

## THE OFFENSES

3. **Charges**: Defendant agrees to plead guilty to the Information tendered herewith, which charges him with wire fraud, false statement on a loan application, and money laundering in violation of 18 U.S.C. §§ 1343, 1014, and 1957, respectively, and to admit the forfeiture allegation. Defendant, having been advised of the right to be charged by indictment, agrees to waive that right and to plead guilty to the Information filed by the United States Attorney.

4. **Penalties**: Defendant understands that the crimes to which defendant is pleading guilty carry the following penalties:

   A. The maximum sentence for Count 1, wire fraud, is 20 years' imprisonment; for Count 2, false statement on loan application, it is 30 years' imprisonment; for Count 3, money laundering, it is 10 years' imprisonment (with all terms potentially run consecutively);

   B. Maximum fines of $1,000,000 for Count 2 and $250,000 (or twice the gross pecuniary gains or losses resulting from the wire fraud and twice the amount of criminal proceeds involved in the money laundering, if such amounts exceed $250,000) for Counts 1 and 3;

   C. A $100 fee assessment on each count; and

   D. A term of supervised release of 5 years for Count 2 (false statement on loan application) and 3 years for Counts 1 and 3 (wire fraud and money laundering).

Defendant agrees to pay the total of $300 in fee assessments at or before the time of sentencing. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and defendant violates one or more of the conditions or requirements, defendant could be returned to prison for

**Plea Agreement –** *United States v. Errol Andam* **Page 2**

**Def. Initials** ___EA.___

all or part of the term of supervised release that was originally imposed. This could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands, as a part of any sentence and in addition to any term of imprisonment and/or fine that is imposed, the Court may order defendant to pay restitution to any victim of the offense, as required by law.

5. **Elements of the Offenses**: In order for defendant to be found guilty of Count 1 of the Information, wire fraud in violation of 18 U.S.C. § 1343, the government must prove the following elements beyond a reasonable doubt:

- First, defendant knowingly devised or intended to devise a material scheme or artifice to defraud, or to obtain money by means of false or fraudulent pretenses, representations or promises, or omissions of fact;

- Second, the representations made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- Third, defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

- Fourth, defendant used or caused the use of interstate wires to carry out or attempt to carry out an essential part of the scheme.

In order for defendant to be found guilty of Count 2 of the Information, making a false statement on a loan application in violation of 18 U.S.C. § 1014, the government must prove the following elements beyond a reasonable doubt:

- First, the defendant submitted a false statement or report to a mortgage lending business or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974;

- Second, the defendant made the false statement or report to said business or entity knowing it was false; and

- Third, the defendant did so for the purpose of influencing in any way the action of said business or entity.

**Plea Agreement –** *United States v. Errol Andam*  Page 3

Def. Initials EA

In order for defendant to be found guilty of Count 3 of the Information, money laundering in violation of 18 U.S.C. § 1957, the government must prove the following elements beyond a reasonable doubt:

- First, defendant knowingly engaged or attempted to engage in a "monetary transaction," that is, a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

- Second, defendant knew the transaction involved criminally derived property;

- Third, the property had a value greater than $10,000;

- Fourth, the property was, in fact, derived from a specified unlawful activity, that is, it constituted proceeds from the sale of a house procured with proceeds of wire fraud and false statements on a loan application in violation of 18 U.S.C. §§ 1343 and 1014; and

- Fifth, the transaction occurred in the United States.

6. **Factual Basis**: Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant stipulates that his conduct satisfied each and every one of the elements of each of the crimes charged and admits there are factual bases for his conviction on each count. He stipulates that the following facts are true and would be proven beyond any reasonable doubt at trial:

A. From 2001 through 2018, defendant was an employee of Nike, Inc., and stationed at its World Headquarters in Beaverton, Oregon.

B. In the final years of his tenure at Nike, defendant worked as a manager on the firm's creative marketing and brand management team, where he oversaw the creation and operation of "pop-up" sales venues: temporary Nike shops typically situated near, and tailored to, sports competitions and other special events around the United States.

C. Starting in 2016, defendant implemented a scheme to divert and embezzle the proceeds from these pop-up venues for his own personal and unauthorized purposes. Specifically, he recruited an adult victim (AV-1) to establish a

**Plea Agreement – *United States v. Errol Andam***             **Page 4**

Def. Initials ___

company (referred to herein as "victim-business-1" or "VB-1") to build the pop-up venues as an independent contractor for Nike. Defendant used his authority as a manager at Nike to ensure that VB-1 was consistently awarded the contracts for these jobs. Defendant also managed much of VB-1's financial operations. To conceal his role at VB-1, defendant created an alter ego there: "Frank Little." Defendant used this alter ego to submit invoices to Nike (VB-1's only customer) and to manage an account for VB-1 with Square, Inc., a provider of mobile credit-card-processing services based in California.

D. In 2016, defendant renewed the registration of a shell company under his control, 3rd and Detroit LLC ("3&D"), with the Oregon Secretary of State for purposes of funneling the diverted proceeds to his own use. 3&D neither contracted with nor performed any work for VB-1. Defendant then caused credit-card sales at various pop-up venues around the United States to be run through VB-1's Square card reader at those venues and then transferred, by interstate wires, to Square in California and thence to 3&D's bank account in Oregon. Defendant also directly embezzled the cash proceeds generated at these pop-up venues.

E. To conceal his peculation, defendant represented to both Nike and AV-1 that the proceeds of the pop-up sales were booked by VB-1 and credited against the total amounts Nike owed VB-1 prior to invoicing. In truth, defendant simply pocketed the proceeds and, as "Frank Little," invoiced Nike for the full cost of VB-1's services. Over the course of 2016, 2017, and 2018, defendant used the above-described scheme to divert and embezzle at least $1,495,435.45 in Nike proceeds for his own use.

F. In August 2018, defendant purchased a new personal residence in Beaverton, Oregon, partially financing it with a mortgage loan from Home Point Financial Corporation ("Homepoint")—a "mortgage lending business" as that term is used in 18 U.S.C. § 1014—in the amount of $571,441.34. Defendant also paid $217,717.33 in cash toward closing costs for the home; defendant generated that cash through the above-described scheme to defraud Nike.

G. In order to demonstrate his ability to repay the mortgage loan, defendant submitted financial statements for 3&D to Homepoint. To give the false impression that 3&D was a genuine business generating substantial income, defendant asked AV-1 for a personal loan of $100,000, which he falsely booked on the 3&D financials as revenue earned from services to VB-1. Defendant did not repay the loan and never intended to do so.

H. Unbeknownst to AV-1, defendant also drafted a second check on VB-1's account, which he made payable to 3&D for another $94,000. Defendant forged AV-1's

**Plea Agreement –** *United States v. Errol Andam*                                               **Page 5**

Def. Initials _EA_

signature on this check. Defendant falsely booked this additional sum as revenue to 3&D and presented financials reflecting that false entry to Homepoint for purposes of obtaining his mortgage loan.

I. On July 10, 2020, defendant sold the above-referenced Beaverton residence, netting $212,838.19 in cash. That sum, which constituted the proceeds of defendant's wire fraud and false statements in support of his Homepoint loan application, was then transmitted to defendant's account at Bank of America. It was lawfully seized for forfeiture pursuant to a warrant issued by the United States District Court for the District of Oregon on October 5, 2020.

Defendant agrees that these facts and his stipulation thereto may be admitted into evidence in any future proceeding (notwithstanding Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence) and that the USAO may rely on other facts and evidence in any other stage of these proceedings, including sentencing.

## SENTENCING FACTORS AND SENTENCING RECOMMENDATIONS

7. **Sentencing Guidelines Calculations**: The parties agree that the Court must first determine the applicable advisory guidelines range, then determine a sentence considering that range and the sentencing factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard. The USAO and defendant agree the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures apply:

|   | **Guidelines Provision** | **Levels** |
|---|---|---|
| A. | Base Offense Level—Wire Fraud and False Loan Statement [USSG §§ 2B1.1(a), 3D1.2(d)] | 7 |
| B. | Enhancement for loss exceeding $1.5MM: [USSG § 2B1.1(b)(1)(I)] | 16 |
| C | Enhancement for use of sophisticated means: [USSG § 2B1.1(b)(10)(C)] | 2 |
| D. | Offense Level—Money Laundering: [USSG § 2S1.1(a)(1), (b)(2)(A)] | 26 |
| E. | Enhancement for Abuse of Trust: [USSG § 3B1.3] | 2 |

**Plea Agreement –** *United States v. Errol Andam* **Page 6**

Def. Initials _EA_

| Final Adjusted Offense Level | 28 |

8.  **Reduction for Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility for defendant's unlawful conduct in this case as explained in USSG § 3E1.1. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or takes any action inconsistent with acceptance of responsibility as explained in USSG § 3E1.1.

The USAO also reserves the right to refuse to recommend that defendant receive a reduction for acceptance of responsibility if, in relation to sentencing, defendant takes any position contrary to defendant's admission of guilt set forth in this agreement. Defendant agrees that the USAO will not move for an additional one-level downward adjustment pursuant to USSG § 3E1.1(b) if defendant fails to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and efficiently allocate its resources.

9.  **No Agreement as to Criminal History Category**: The USAO and defendant have no agreement as to defendant's Criminal History Category.

10. **Stipulated Sentencing Recommendation Under 18 U.S.C. § 3553**: In light of defendant's prompt acceptance of responsibility, waiver of indictment, discovery, and substantive motions, agreement to restitution to all victims of his relevant conduct, including AV-1 and VB-1, and compliance with the terms of this agreement, the USAO shall join defendant in recommending a downward variance of at least four levels. The USAO and

**Plea Agreement** – *United States v. Errol Andam*　　　　　　　　　　　　　　Page 7

Def. Initials _EA._

defendant will jointly recommend and stipulate to a total sentencing range of 24 to 37 months' imprisonment. The USAO will recommend a sentence at the high end of that range; defendant may advocate for any sentence within that range.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the presentence report ("PSR") writer and the Court of the facts and law related to defendant's case. The USAO's good-faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas. Except as set forth in this agreement, the USAO and defendant reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Court Bound**: If the Court accepts the parties' plea agreement, the Court agrees to be bound by the parties' recommended sentencing range. Because this agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, either party may rescind the agreement and defendant may withdraw any guilty plea if the Court declines to follow the parties' agreement or recommendations.

## DEFENDANT'S WAIVERS, ACKNOWLEDGMENTS, AND STIPULATIONS

13. **Defendant's Waiver of Trial Rights**: Defendant understands that, if the court accepts defendant's pleas of guilty pursuant to this agreement, defendant waives the rights to:

   A. Persist in his pleas of not guilty and to require the government to prove the elements of the crimes charged beyond a reasonable doubt;

   B. Have a speedy and public trial by jury;

   C. Have the assistance of counsel at trial and at every other stage of the proceedings against defendant, and to have the court appoint counsel to represent defendant if defendant is unable to retain counsel;

    D.      To confront and cross-examine adverse witnesses;

    E.      To testify and to present evidence on behalf of defendant;

    F.      To compel the attendance of witnesses; and,

    G.      Not testify and not have any adverse inferences drawn from the failure to testify.

14. **Defendant's Representation that Guilty Plea is Knowing and Voluntary:**

Defendant represents that:

    A.      Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of his guilty pleas;

    B.      Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civil rights, such as the right to vote, the right to possess a firearm, the right to hold public office, and the right to serve on a jury;

    C.      Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license. No such consequence will serve as grounds to withdraw defendant's guilty plea. Defendant acknowledges and agrees that defendant's attorney has explained this, and nevertheless, defendant still wants to plead guilty;

    D.      No one has made any promises or offered any rewards in return for this guilty plea other than those contained in this agreement or otherwise disclosed to the Court;

    E.      No one has promised or guaranteed what sentence the Court will impose;

    F.      No one has threatened defendant or defendant's family to induce this guilty plea; and

    G.      Defendant is pleading guilty because, in truth and in fact, defendant is guilty.

15. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds save one: Defendant may appeal defendant's sentence if it exceeds the statutory maximum sentence or the high-end of the advisory guideline range as calculated by the Court at the time of defendant's sentencing hearing.

Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except for a claim defendant received ineffective assistance of counsel.

In the event that defendant's conviction or sentence under this agreement is, in whole or in part, vacated or invalidated on appeal or as the result of a collateral attack thereon, the government may reinstate and/or file any other charges and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16. **Breach of Plea Agreement**: Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

  A. Failing to plead guilty pursuant to this agreement;

  B. Failing to fully accept responsibility as established above;

  C. Failing to appear in court;

  D. Attempting to withdraw the guilty plea;

  E. Failing to abide by any court order related to this case;

**Plea Agreement –** *United States v. Errol Andam*                                      **Page 10**

Def. Initials ___EA.___

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence on any grounds waived herein; or

G. Engaging in additional criminal conduct from the time of signing this agreement until the time of sentencing.

If defendant breaches the terms of this agreement, or commits any new criminal offenses between entering the guilty plea and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or rescind any waiver of appeal and post-conviction relief as contained in this agreement.

If defendant believes that the USAO has breached the plea agreement, defendant must raise the breach to the district court prior to the sentencing hearing. Failure to raise a breach claim in a timely manner shall constitute a waiver of that claim.

## GOVERNMENT'S WAIVERS, ACKNOWLEDGMENTS, AND STIPULATIONS

17. **Dismissal/No Prosecution**: So long as defendant is convicted and sentenced in conformity with this agreement, the USAO shall move at the time of sentencing to dismiss any remaining counts against defendant and shall forgo any additional charges against defendant in the District of Oregon arising out of this investigation so long as all material facts underlying such charges are known to the USAO at the time of this agreement.

## FORFEITURE, RESTITUTION, AND FINANCIAL REPORTING CONDITIONS

18. **Forfeiture**:

A. Assets and Authority: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 982, **specifically $212,838.19 in cash,** which, defendant admits, represents proceeds of defendant's wire and mortgage fraud activities as well as property involved in defendant's money laundering activity in violation of 18 U.S.C. §§ 1014, 1343, and 1957, respectively, as set forth in Count 1-3 of the Information.

Plea Agreement – *United States v. Errol Andam*     Page 11

Def. Initials ___EA.___

B.     Agreement to Civil Forfeiture: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.     No Alteration or Satisfaction: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.     Title Assistance: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.     Assets Not Identified: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.     Final Order of Forfeiture: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.     **Restitution**: Defendant stipulates that this plea agreement arises from an offense listed under 18 U.S.C. § 3663A(c) and that an order of restitution is mandatory, notwithstanding defendant's ability to pay. In addition, defendant stipulates to the entry of an order pursuant to 18 U.S.C. § 3663A(a)(3) requiring defendant to pay restitution to all victims for all losses and expenses proximately caused by defendant's conduct described above under the Factual Basis of this plea agreement or otherwise qualifying as relevant conduct pursuant to USSG § 1B1.3.

**Plea Agreement –** *United States v. Errol Andam*                      **Page 12**

**Def. Initials** ___

Defendant agrees to pay restitution as determined by the Court and agrees that restitution shall be ordered in the total amount of at least **$1,669,207.45** to the following recipients in at least the following amounts:

| Recipient | Amount of Restitution To Be Ordered |
|---|---|
| Nike, Inc. | $1,495,435.45 |
| AV-1 and/or VB-1 | $173,772 |

20. **Financial Reporting Conditions**: Defendant agrees to the following financial reporting conditions:

   A. Before the entry of defendant's guilty plea, defendant agrees to truthfully complete the Financial Disclosure Statement and to provide it to the USAO and the U.S. Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances. Defendant's failure to do so will constitute a lack of acceptance of responsibility as explained above and a breach of this plea agreement;

   B. Defendant authorizes the USAO to obtain credit reports and agrees to provide waivers, consents, or releases requested by the USAO. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office;

   C. Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually, or jointly, including any interest held or owned under any name, including trusts, partnerships, and corporations; and

   D. Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO, the Court, and the U.S. Probation Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall immediately notify the USAO, the Court, and the U.S. Probation Office of any material change in defendant's economic circumstances

**Plea Agreement –** *United States v. Errol Andam*        **Page 13**

**Def. Initials** ___EA___

    that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

E. Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

## ADDITIONAL ACKNOWLEDGEMENTS

21. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.

///

///

///

///

///

///

///

///

**Plea Agreement –** *United States v. Errol Andam*            **Page 14**

Def. Initials _EA._

22. **Plea Agreement Part of the Record**: The USAO and defendant agree that this plea agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED and ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF OREGON

SCOTT ERIK ASPHAUG
Acting United States Attorney

*Ryan Wesley Bounds*                                    March 17, 2021
_____                        _____
**RYAN W. BOUNDS**                                      Date
Assistant United States Attorneys

     I have carefully reviewed every part of this plea agreement with my attorney, and I am satisfied with my attorney's advice and representation. I understand and voluntarily agree to its terms. I expressly waive my rights, including trial and appellate rights, as outlined in this agreement. I wish to plead guilty because, in truth and in fact, I am guilty. I swear under penalty of perjury that the facts in the Factual Basis paragraph are true.

_____                        3.30.2021
**ERROL ANDAM**                                         Date
Defendant

///

///

///

///

///

///

**Plea Agreement –** *United States v. Errol Andam*                                    Page 15

**Def. Initials** _____

I represent defendant as legal counsel. I have carefully reviewed every part of this plea agreement with defendant. I have fully advised defendant of defendant's rights, of possible pretrial motions, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, of the appellate waiver, and of the consequences of entering into this agreement. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_____      3/30/21
**MARK AHLEMEYER**                Date
Attorney for Defendant